# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BLUEFIELD DIVISION

| | |
|---|---|
| CALVIN JOHNSON, | ) |
| | ) |
| Petitioner, | ) |
| v. | )   Civil Action No. 1:20-00743 |
| | ) |
| C. MARUKA, Warden, | ) |
| | ) |
| Respondent. | ) |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Petitioner's Petition Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in Federal Custody.[1] (Document No. 1.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 3.) Having examined Petitioner's Section 2241 Petition, the undersigned finds, and hereby respectfully recommends, that Petitioner's Petition should be dismissed.

## FACT AND PROCEDURE

**A.   Criminal Action No. 1:11-cr-00441:**

On February 14, 2013, following a one-day jury trial, Petitioner was convicted in the Northern District of Georgia of one count of Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). United States v. Johnson, Case No. 1:11-cr-0441 (N.D.Ga. June 3, 2013), Document No. 94. On May 28, 2013, the District Court sentenced

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Petitioner to a term of 120 months imprisonment, to be followed by a three-year term of supervised release. Id., Document No. 106. The District Court further imposed a $100 special assessment. Id.

On June 11, 2013, Petitioner filed a Notice of Appeal. Id., Document No. 107. As grounds for appeal, Petitioner argued the District Court erred by the following: (1) Denying Petitioner's motion to suppress evidence discovered during a parole search in violation of his Fourth Amendment rights; (2) "[P]ermitting testimony about statements [Petitioner] made;" (3) "[A]lowing evidence that [Petitioner] was on parole;" (4) Admitting expert witness testimony; and (5) Imposing a procedurally and substantively unreasonable sentence. Id., Document No. 126. By Per Curiam Opinion entered on September 16, 2014, the Eleventh Circuit Court of Appeals affirmed Petitioner's conviction and sentence. Id., Document Nos. 126 and 127.

**B.     Section 2255 Motion:**

On December 7, 2015, Petitioner filed in the Northern District of Georgia a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. Id., Document No. 131. As grounds for relief, Petitioner argued as follows: (1) The District Court abused its discretion in excluding the ankle-monitor records that allegedly proved he was elsewhere when the photograph was taken; and (2) Trial counsel was ineffective for failing to raise this issue on appeal. Id. By Proposed Findings and Recommendation ("PF&R") entered on December 21, 2015, United States Magistrate Judge Catherine M. Salinas recommended that Petitioner's Section 2255 Motion be denied. Id., Document No. 134. On January 13, 2016, Petitioner filed Objections. Id., Document No. 143. By Order and Judgment entered on January 20, 2016, United States District Judge Thomas W. Thrash adopted the PF&R and denied Petitioner's Section 2255 Motion. Id., Document Nos. 146 and 147. On February 3, 2016, Petitioner filed a Notice of

Appeal. Id., Document No. 149. By Order entered on October 5, 2016, the Eleventh Circuit denied Petitioner's motion for certificate of appealability. Id., Document No. 156.

**C.      Second Section 2255 Motion:**

On October 5, 2020, Petitioner filed in the Northern District of Georgia his second Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. Id., Document No. 171. As grounds for relief, Petitioner challenged the validity of his conviction under 18 U.S.C. §§ 922(g) and 924(A)(2) based upon United States v. Rehaif, ___ U.S. ___, 139 S.Ct. 2191, 2194, 204 L.Ed.2d 594 (2019). Id. On December 21, 2020, the United States filed a Motion to Dismiss arguing that Petitioner's Section 2255 was successive. Id., Document No. 174. By Order entered on June 18, 2021, the District Court denied Petitioner's Section 2255 Motion as successive. Id., Document Nos. 175 and 176. The District Court further stated that Petitioner had neither been granted leave by the Eleventh Circuit to file a successive Section 2255 Motion, nor could he be granted such leave because the Eleventh Circuit had "held that *Rehaif* does not constitute 'a new rule of constitutional law' to merit a successive motion under § 2255(h)." Id.(citing In Re Palacios, 931 F.3d 1314, 1315 (11th Cir. 2019).

**D.      Instant Section 2241 Petition:**

On November 12, 2020, Petitioner filed his instant Section 2241 Petition. (Civil Action No. 1:20-0743, Document No. 1.) In the instant case, Petitioner challenges the validity of his conviction under 18 U.S.C. §§ 922(g) and 924(A)(2) based upon Rehaif. (Id.) Petitioner argues that after Rehaif, "he does not meet the scienter requirement of § 922(g) and § 924(a)(2) and is therefore innocent of the crime for which he was convicted." (Id.) Petitioner noted that in Rehaif, "the Supreme Court held that the government 'must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred

from possessing a firearm.'" (Id.) Petitioner concludes that "Rehaif abrogated longstanding Fourth Circuit precedent (as well as that of every federal court of appeals) holding that a defendant's knowledge of his prohibited status is not an element of a § 922(g) offense." (Id.) Petitioner concludes that he can satisfy the savings clause. (Id.) Specifically, Petitioner states that he can satisfy the savings clause based on the following: (1) "Petitioner was sentenced in May 2013 [and] he sentence was legal;" (2) "The Rehaif decision which was decided on June 21, 2019, was made retroactive on collateral review by Teague and Welch;" (3) "This all occurred after Petitioner's direct appeal filed June 11, 2013, and his first § 2255 filed December 2015;" and (4) "Petitioner is unable to satisfy the requirements of § 2255(h)(2) because Rehaif was a statutory decision and was not made retroactive by the Supreme Court." (Id.)

## ANALYSIS

In considering an inmate's application for *habeas* relief under 28 U.S.C. § 2241, the Court must consider whether the inmate is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Rose v. Hodges, 423 U.S. 19, 21, 96 S.Ct. 175, 177, 46 L.Ed.2d 162 (1975). The Court notes that Section 2241 is merely a general grant of *habeas corpus* authority. See Medberry v. Crosby, 351 F.3d 1049, 1062 (11th Cir. 2003). More specific grants of *habeas corpus* authority are found in 28 U.S.C. § 2254 (state prisoners) and 28 U.S.C. § 2255 (federal prisoners). See Thomas v. Crosby, 371 F.3d 782, 785 (11th Cir. 2004). Section 2255 is the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000), abrogated on other grounds by, Jones v. Hendrix, 599 U.S. ___, 143 S.Ct. 1857, ___ L.Ed.2d ___ (2023). The remedy under Section 2241 is not an additional, alternative or supplemental remedy to that prescribed under Section 2255. Rather, Section 2241 applies to

4

circumstances factually quite different from those properly considered under Section 2255. While the validity of Petitioner's conviction and/or sentence is in issue under Section 2255, matters pertaining to Petitioner's "commitment or detention" are properly the subject under 28 U.S.C. § 2241. See 28 U.S.C. § 2242. Thus, in addition to those very narrow circumstances under which Section 2255 is "inadequate and ineffective," issues arising out of the allegedly unlawful or incorrect computation of Petitioner's sentence and resulting in an unconstitutional restraint upon his liberty are properly considered under 28 U.S.C. § 2241. Allegations that a federal conviction or sentence is invalid are therefore appropriately considered under Section 2255, and allegations respecting the execution of a federal sentence are properly considered under Section 2241. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

In view of the nature of the claims, the undersigned finds Petitioner's claims are ones properly considered under Section 2255, not Section 2241. Essentially, Petitioner challenges the validity of his conviction as imposed by the Northern District of Georgia. Specifically, Petitioner alleges that his Section 922(g) conviction is invalid based upon Rehaif. In Rehaif, the United States Supreme Court considered whether under 18 U.S.C. § 922(g), the government must prove that an individual knew both that he engaged in the prohibited conduct of possessing a firearm and had obtained the relevant status which made his possession of the firearm illegal. United States v. Rehaif, ___ U.S. ___, 139 S.Ct. 2191, 2194, 204 L.Ed.2d 594 (2019). Petitioner is clearly challenging the validity of his conviction, not the manner in which his sentence is being executed. Accordingly, the undersigned will briefly consider Petitioner's claims under Section 2255 for the sole purpose of determining whether the instant Section 2241 Petition should be (1)

dismissed, or (2) construed as a Section 2255 Motion and transferred to the appropriate jurisdiction. See Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

It is quite clear from the language in the first paragraph of 28 U.S.C. § 2255 that Motions thereunder must be filed in the sentencing Court. The first paragraph of 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence to vacate, set aside or correct the sentence.*

(Emphasis added.) Viewing Petitioner's Petition as a Section 2255 Motion, it is clear that this District Court lacks jurisdiction to consider it. Rather, jurisdiction is properly in the Northern District of Georgia. While a Section 2255 Motion filed in a Court other than the sentencing Court should be transferred to the Court which sentenced the petitioner, Petitioner's instant Petition should not be construed and transferred as a Section 2255 Motion because Petitioner has proceeded under Section 2255 in the sentencing Court at least once before and has not obtained certification/authorization to file a second or successive Motion from the Eleventh Circuit Court of Appeals.[2]

---

[2] Under the Antiterrorism and Effective Death Penalty Act [AEDPA] Amendments to 28 U.S.C. § 2255 "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." To obtain certification from the Court of Appeals, the Petitioner must demonstrate that the Motion contains:
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Nevertheless, this Court need not reach the issue of whether Petitioner's Petition actually contains newly discovered evidence or presents a new rule of constitutional law.

To the extent Petitioner is claiming that Section 2255 is inadequate or ineffective, the undersigned will consider his claims under Section 2241. Although a Section 2255 Motion is the proper vehicle for challenging a federal conviction or sentence, Section 2241 may be used by a federal prisoner to challenge the legality of his conviction or sentence if he can satisfy the mandates of the Section 2255's "savings clause." Section 2255 contains a "savings clause" that allows an individual to file a petition challenging his conviction or sentence in a venue other than the sentencing court if the petitioner can establish that his remedy under Section 2255 is "inadequate or ineffective." 28 U.S.C. § 2255(e)("An application for a writ of habeas corpus in behalf of a petitioner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention*.")(emphasis added). The Petitioner bears the burden of showing the inadequacy or ineffectiveness of a Section 2255 Application. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 "inadequate or ineffective." Young v. Conley, 128 F.Supp.2d 354, 357 (S.D.W.Va.)(Chief Judge Haden), aff'd, 291 F.3d 257 (4th Cir. 2001), cert. denied, 537 U.S. 938, 123 S.Ct. 46, 154 L.Ed.2d 242 (2002). Over the years, a circuit split resulted from courts struggling with determining when Section

---

"[B]efore a prisoner can pursue a qualifying 'second or successive' 2255 Petition, he must obtain authorization from the court of appeals." 28 U.S.C. § 2244(b)(3)(A). On June 18, 2021, the District Court dismissed Petitioner's Section 2255 Motion based upon *Rehaif* as successive and noted that Petitioner could not be granted authorization by the Eleventh Circuit to file a successive Section 2255 Motion because the Eleventh Circuit had "held that *Rehaif* does not constitute 'a new rule of constitutional law' to merit a successive motion under § 2255(h)." *Johnson*, Case No. 1:11-cr-0441, Document No. 175(citing *In Re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019).

2255 was "inadequate or ineffective" such to permit a petitioner to proceed under the "savings clause." See Jones v. Hendrix, 8 F.4th 683, 686-87 (8th Cir. 2021)(noting the circuit split over the question whether a change in case law, combined with the successive motions bar, makes Section 2255's remedy inadequate or ineffective as to allow a petitioner to seek relief under Section 2241). Recently, the United States Supreme Court addressed the issue in Jones v. Hendrix holding that "§ 2255(e)'s savings clause does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent AEDPA's restrictions on second or successive § 2255 motions by filing a § 2241 petition." Jones v. Hendrix, 599 U.S. ___, 143 S.Ct. 1857, ___ L.Ed.2d ___ (2023).

Prior to Jones v. Hendrix, the Fourth Circuit stated that "§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." In re Jones, 226 F.3d at 333-34. In a panel opinion, the Fourth Circuit extended the application of the savings clause to sentencing challenges. United States v. Wheeler, 886 F.3d 415 (4th Cir. March 28, 2018). For purposes of sentencing challenges, the Wheeler Court established a new savings clause test stating that Section 2255 is inadequate and ineffective to test the legality of a sentence when: "(1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to

8

meet the gatekeeping provisions of § 2255(h)(2) for second or successive motion; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect." Id. at 429. "The Supreme Court's recent decision in Jones v. Hendrix rejected the foundation of the Fourth Circuit's reasoning in interpreting the saving clause and abrogated the standards in In re Jones and Wheeler." Barrie v. United States, 2023 WL 5044977, * 3 (E.D.Va. Aug. 8, 2023); also see Johnson v. Dunbar, 2023 WL 5211052, * 3 (D.S.C. July 12, 2023)(finding that "*Jones v. Hendrix* abrogated the holdings *In re Jones* and *Wheeler*"), report and recommendation adopted by, 2023 WL 5207981 (D.S.C. Aug. 14, 2023). As stated above, the Supreme Court clarified in Jones v. Hendrix that "§2255(e)'s saving clause does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent AEDPA's restrictions on second or successive § 2255 motions by filing a § 2241 petition." Jones v. Hendrix, 599 U.S. at ___, 143 S.Ct. at 1860. The Supreme Court emphasized that the savings clause does not provide a means for a petitioner to evade the limitations of Section 2255(h) such that a petitioner's inability to satisfy the requirements of Section 2255(h) equals a determination that Section 2255 is "inadequate or ineffective" in satisfaction of the savings clause. Id., 599 U.S. at ___, 143 S.Ct. at 1869("The inability of a prisoner with a statutory claim to satisfy those conditions [of Section 2255(h)] does not mean that he can bring his claim in a habeas petition under the saving clause. It means that he cannot bring it at all. Congress has chosen finality over error correction in his case.") The Supreme Court stated that the "[b]asic principles of statutory interpretation require that we construe the saving clause and § 2255(h) in harmony, not set them at cross-purposes." Id., 599 U.S. at ___, 143 S.Ct. at 1868. The Supreme Court further explained that when Congress enacted Section 2255, the savings clause covered "unusual circumstances" where "it is impossible or impracticable for a prisoner to seek relief from the sentencing court.

9

The clearest such circumstance is the sentencing court's dissolution; a motion in a court that no longer exists is obviously 'inadequate or ineffective' for any purpose." Id. Additionally, the savings clause "might also apply when 'it is not practicable for a prisoner to have his motion determined in the trial court because of his inability to be present at the hearing, or for other reasons.'" Id., 599 U.S. at ___, 143 S.Ct. at 1866(citation omitted). Finally, the Supreme Court reiterated that the savings clause "does not displace § 2241 when a prisoner challenges 'the legality of his *detention*' without attacking the validity of his *sentence*." Id., 599 U.S. at ___, 143 S.Ct. at 1867(emphasis in original).

  Based upon the foregoing, the undersigned concludes Petitioner has not demonstrated and cannot demonstrate that Section 2255 is inadequate or ineffective such that he can resort to Section 2241. Petitioner's reliance upon Rehaif does not satisfy the criteria of the savings clause. The decision in Rehaif is a change in statutory interpretation, which does not permit a petitioner to satisfy the requirements of the savings clause. See Jones v. Hendrix, 599 U.S. at ___, 143 S.Ct. at 1869; also see Barfield v. Streeval, 2023 WL 5318468 (4th Cir. Aug. 18, 2023)(affirming dismissal of a Section 2241 petition based on *Rehaif*); Covington v. Andrews, 20023 WL 4701179 (4th Cir. July 24, 2023)(same); Scott v. Holzapfel, 2023 WL 5356239 (S.D.W.Va. July 28, 2023)(Citing *Jones v. Hendrix* in dismissing petitioner's Section 2241 petition wherein he challenged the validity of his Section 922(g) conviction based upon *Rehaif*). Petitioner acknowledges that he cannot satisfy the requirements under Section 2255(h) for obtaining authorization to file a successive Section 2255 Motion based on Rehaif. (Document No. 1, p. 3.) As stated above, the fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 "inadequate or ineffective." See Jones v. Hendrix, 599 U.S. at ___, 143 S.Ct. at 1869("The

inability of a prisoner with a statutory claim to satisfy those conditions [of Section 2255(h)] does not mean that he can bring his claim in a habeas petition under the saving clause. It means that he cannot bring it at all."); also see Barfield, 2023 WL 5318468, at * 1(dismissing petitioner's Section 2241 petition challenging the validity of his conviction in light of the Supreme Court's *Jones v. Hendrix* decision). Additionally, Petitioner has failed to identify any "unusual circumstances" that would make it "impossible or impracticable" to seek relief from the sentencing court. See Jones v. Hendrix, 599 U.S. at ___, 143 S.Ct. at 1868; also see Joseph v. Dunbar, 2023 WL 5093488 (6th Cir. Aug. 8, 2023)(stating that *Jones v. Hendrix* makes "clear that [a petitioner] cannot use § 2241 as 'an end-run around' § 2255(h)'s rules"); Walton v. Warden, 2023 WL 5011933 (2nd Cir. Aug. 7, 2023)(petitioner failed to "suggest that 'unusual circumstances' render it 'impossible or impracticable for [him] to seek relief from the sentencing court.'"); Davis v. Streeval, 2023 WL 4828506, * 2 (W.D.Va. July 27, 2023)("[A] prisoner cannot use § 2241 to accomplish what he could not do in his request for a second motion under § 2255."). Based upon the foregoing, Petitioner has failed to sustain his burden of showing the inadequacy or ineffectiveness of a Section 2255 Motion and his Section 2241 Petition should be dismissed without prejudice for lack of subject matter jurisdiction. See Clark v. Leu, 2023 WL 4676854, at *1 (4th Cir. July 21, 2023)(citing Ali v. Hogan, 26 F.4th 587, 600 (4th Cir. 2022))(recognizing that dismissal of a Section 2241 petition for lack of subject matter jurisdiction must be a dismissal without prejudice).

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS without prejudice** Petitioner's Section 2241 Petition

(Document No. 1) and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

Date: August 29, 2023.



Omar J. Aboulhosn
United States Magistrate Judge